JOHN C. BEIERS, COUNTY COUNSEL (SBN 144282)
By: Jennifer A. Stalzer, Deputy (SBN 266370)
Hall of Justice and Records
400 County Center, 6th Floor
Redwood City, CA  94063
Telephone:  (650) 363-4746
Facsimile:  (650) 363-4034
E-mail:  jstalzer@smcgov.org

Attorneys for Defendants
COUNTY OF SAN MATEO, SHERIFF CARLOS
BOLANOS,  DEPUTY ANDREW CONSTANTINO,
DEPUTY JIMMY CHUNG, AND DEPUTY AZAR

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LINDBLAD,<br><br>              Plaintiff,<br><br>       vs.<br><br>CARLOS G. BOLANOS, SHERIFF; ANDREW<br>CONSTENTINO, BADGE #18920; JIMMY<br>CHUNG, BADGE #1146; MR. AZAR; MR.<br>CHEUNG,<br><br>              Defendants | Case No. 21-CV-06606<br><br><br>**DEFENDANTS' NOTICE OF MOTION<br>AND MOTION TO DISMISS PURSUANT<br>TO FEDERAL RULES OF CIVIL<br>PROCEDURE 12(B)(6); MEMORANDUM<br>OF POINTS & AUTHORITIES IN<br>SUPPORT**<br><br>              **Hearing**<br><br>Date:        March 18, 2022<br>Time:        10:00 a.m.<br>Location:   Courtroom 1, 17th Floor<br>                450 Golden Gate Avenue<br>                San Francisco, CA 94102<br><br><br>THE HONORABLE SUSAN ILLSTON |

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL
RULES OF CIVIL PROCEDURE 12(B)(6); MEMORANDUM OF POINTS & AUTHORITIES IN
SUPPORT**

## NOTICE OF MOTION AND MOTION

**TO PLAINTIFF LINDBLAD AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on March 18, 2022 at 10:00 a.m. the matter shall be heard, in the above-entitled court located at San Francisco Courthouse, 450 Golden Gate Avenue, Courtroom 1, Seventeenth Floor, San Francisco, California 94102, that Defendants SHERIFF CARLOS BOLANOS, DEPUTY ANDREW CONSTANTINO, DEPUTY JIMMY CHUNG, AND DEPUTY AZAR (COUNTY DEFENDANTS) will and hereby do move this Court pursuant to Federal Rule of Civil Procedure 12(b)(6) for an order dismissing Plaintiff's Complaint.

In an abundance of caution, and pending the Court's decision on the Motion to Set Aside Default, the County Defendants are filing their Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) in adherence with the January 31, 2022 response deadline prompted by January 10, 2022 service of the Complaint.

This motion is based upon this Notice, Memorandum of Points and Authorities filed herewith, files and pleadings in this action, and on such other matter as the Court may deem necessary and proper.

Dated:  January 31, 2022

Respectfully submitted,

JOHN C. BEIERS, COUNTY COUNSEL

By: _____/s/_____
        Jennifer A. Stalzer, Deputy

Attorney for Defendants
SHERIFF CARLOS BOLANOS, DEPUTY
ANDREW CONSTANTINO, DEPUTY JIMMY
CHUNG, AND DEPUTY AZAR (COUNTY
DEFENDANTS)

# TABLE OF CONTENTS

**Page(s)**

I.      INTRODUCTION AND SUMMARY OF ARGUMENT ...................................................... 1

II.     RELEVANT ALLEGATIONS IN THE COMPLAINT ..................................................... 1

III.    LEGAL STANDARD FOR MOTION TO DISMISS ...................................................... 3

IV.     ARGUMENT ......................................................................................................................... 3

      A.      Fourth Amendment:  Plaintiff's Complaint Fails to State a Claim Upon Which Relief May Be Granted Against County Defendants Because There Are No Facts Pled to Establish that These Defendants Lacked Probable Cause in Their Search of Plaintiff. ................................................................................................................ 3

      B.      Excessive Force: Plaintiff's Complaint Fails to State a Claim Upon Which Relief May Be Granted Against County Defendants Because No Facts Pled to Establish that Defendants Used Excessive Force during Detention of Plaintiff................ 5

      C.      Failure to Intervene:  Plaintiff's Claim for Relief Against County Defendants Pursuant to USC Section 1983 Fails to State a Claim Upon Which Relief May Be Granted Because No Constitutional Violation Occurred and Qualified Immunity Applies. ............................................................................................................... 6

            1.      Further Eschewing Liability Under Section 1983 is the Qualified Immunity of Law Enforcement Officers ................................................................ 7

      D.      Plaintiff Mentions but Fails to Allege Facts Sufficient to Sustain a Monell Claim Based on a Governmental Policy or Longstanding Practice................................. 8

      E.      Plaintiff Does Not Articulate Any Claim Against Sheriff Bolanos ............................... 11

V.      CONCLUSION.................................................................................................................... 12

Case No. 21-CV-06606                                        i

NOTICE OF MOTION AND MOTION TO DISMISS BY DEFENDANTS PURSUANT TO FED. R. CIV. P.
12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Albright v. Oliver*,
   510 U.S. 266, 114 S.Ct. 807 (1994) ................................................................. 6

*Anderson v. Creighton*,
   483 U.S. 635 (1987) ........................................................................................... 7

*Ashcroft v. al-Kidd*,
   563 U.S. 731 (2011) ........................................................................................... 8

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ........................................................................................... 3

*Baker v. McCollan*,
   443 U.S. 137 ...................................................................................................... 6

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ........................................................................................... 3

*Board of Commissioners of Bryan County v. Brown*,
   (1997) 520 U.S. 397 .......................................................................................... 10

*Carey v. Piphus*,
   435 U.S. 247, 98 S.Ct. 1042 (1978) ................................................................. 6

*Carmona v. Bolanos*,
   2019 WL 2247832 (N.D. Cal. May 23, 2019) ................................................ 11

*City of Canton, Ohio v. Harris*,
   (1989) 489 U.S. 378 ........................................................................................... 9

*City of St. Louis v. Praprotnik*,
   (1988) 485 U.S. 112 .......................................................................................... 10

*Connick v. Thompson*,
   (2011) 563 U.S. 51 ............................................................................................ 10

*Dougherty v. City of Covina*,
   654 F.3d 892 (9th Cir. 2011) ........................................................................... 10

*Elder v. Holloway*,
   510 U.S. 510 (1994) ........................................................................................... 7

*Erickson v. Pardus*,
   551 U.S. 89 (2007) ............................................................................................. 3

*Gill v. Maciejewski*,
   2008 WL 4777127 (8th Cir. 2008) .................................................................... 5

*Graham v. Connor,*
  490 U.S. 386 (1989) ..................................................................................... 5

*Hannah v. City of Overland, Mo.,*
  795 F.2d 1385 (8th Cir. 1986) ..................................................................... 4

*Hansen v. Schubert,*
  459 F. Supp. 2d 973 (E.D. Cal. 2006) ......................................................... 8

*Hunter v. Cty. of Sacramento,*
  652 F.3d 1225 (9th Cir. 2011) .................................................................... 10

*Hyun Ju Park v. City & County of Honolulu,*
  952 F.3d 1136 (9th Cir. 2020) .................................................................... 10

*Imbler v. Pachtman,*
  424 U.S. 409, 96 S.Ct. 984 (1976) ............................................................... 6

*Inman v. Anderson,*
  294 F.Supp.3d 907 (N.D. Cal. 2018) ............................................................ 9

*Ivey v. Bd. of Regents of the Univ. of Alaska,*
  673 F.2d 266 (9th Cir. 1982) ....................................................................... 3

*Jones v. County of Contra Costa,*
  2016 WL 1569974 (N.D. Cal. Apr. 19, 2016) .............................................. 9

*Leer v. Murphy,*
  844 F.2d 628 (9th Cir. 1988) ....................................................................... 6

*Liberal v. Estrada,*
  632 F.3d 1064 (9th Cir. 2011) ..................................................................... 7

*Maldonado v. City of Ripon,*
  2018 WL 5304820 (E.D. Cal. Oct. 24, 2018) ............................................ 11

*Malley v. Briggs,*
  475 U.S. 335 (1986) ..................................................................................... 7

*Mattos v. Agarano,*
  661 F.3d 433 (9th Cir. 2011) ....................................................................... 8

*Merritt v. County of Los Angeles,*
  875 F.2d 765 (9th Cir. 1989) ..................................................................... 10

*Monell v. Dep't of Soc. Servs.,*
  436 U.S. 658 ............................................................................................... 11

*Nadell v. Las Vegas Metropolitan Police Dept.,*
  268 F.3d 924 (9th Cir. 2001) ................................................................. 9,10

*Ngo v. Storlie,*
  495 F.3d 597 (8th Cir. 2007) ....................................................................... 5

*Parker v. City of Pittsburg,*
  2017 WL 2986225 (N.D. Cal. July 13, 2017) ........................................... 10

*Rel Hernandez v. County of Tulare*,
   666 F.3d 631 (9th Cir. 2012) .................................................................................. 9

*Samuelson v. City of New Ulm*,
   455 F.3d 871 (8th Cir. 2006) .................................................................................. 5

*Saucier v. Katz*,
   533 U.S. 194 (2001) ........................................................................................... 7, 8

*Serrano v. Francis*,
   345 F.3d 1071 (9th Cir. 2003) ............................................................................... 7

*Smithson v. Aldrich*,
   235 F.3d 1058 (8th Cir. 2000) ............................................................................... 4

*Starr v. Baca*,
   652 F.3d 1202 (9th Cir. 2011) ............................................................................. 11

*Trevino v. Gates*,
   99 F.3d 911 (9th Cir. 1996) ................................................................................. 10

*United States v. Clark*,
   743 F.2d 1255 (8th Cir. 1984) ............................................................................... 4

*United States v. Ilazi*,
   730 F.2d 1120 (8th Cir. 1984) ............................................................................... 4

*United States v. Wallraff*,
   705 F.2d 980 (8th Cir. 1983) ................................................................................. 4

## **STATUTES**

28 U.S.C. § 1983 ....................................................................................................... 1

43 U.S.C. Section 1983 ............................................................................................. 1

U.S. Const. amend. IV .............................................................................................. 4

U.S.C. § 1983 ........................................................................................................... 1

USC Section 1983 ..................................................................................................... 6

Case No. 21-CV-06606          iv

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULES
OF CIVIL PROCEDURE 12(B)(6); MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.        INTRODUCTION AND SUMMARY OF ARGUMENT

The principle claims against County Defendants in the Complaint served January 10, 2022 are:

1.        Whether Plaintiff's First Cause of Action alleging a violation of his Civil Rights per 42 U.S.C. § 1983 based on County Defendants' disregard for the Fourth Amendment must be dismissed because the search was supported by probable cause;

2.        Whether Plaintiff's Second Cause of Action Regarding Excessive Force against Defendant Officers for violation of the Fourth Amendment of the Constitution must be dismissed because no facts alleged constitute excessive force under the law;

3.        Whether Plaintiff's Third Cause of Action characterized by Plaintiff as a "Failure to Intervene" underpinned by a violation of his Civil Rights per 28 U.S.C. § 1983[1] against all Defendants fails to state a claim because, even if Plaintiff had sufficiently pleaded that a constitutional violation occurred, Plaintiff has not sufficiently pleaded facts to support a claim under this section.

4.        Whether Plaintiff's Causes of Action, including but not limited to, violation(s) of Civil Rights per U.S.C. § 1983, against County Defendants must be dismissed for failure to state a claim because the Officers are entitled to qualified immunity.

Plaintiff does not state a claim upon which relief can be granted against the County Defendants because he fails to plead the elements of any of his three causes of action. The allegations against the County are based solely on conclusory legal statements, lacking underlying facts sufficient to plead a violation of Plaintiff's constitutional rights.

## II.        RELEVANT ALLEGATIONS IN THE COMPLAINT

The following allegations are assumed to be true solely for purpose of this motion:

Plaintiff's Complaint indicates that on August 19, 2021, he was present in a Safeway located at

---

[1] In his Complaint, Plaintiff characterizes the code section as 28 U.S.C. Section 1983, *see* Complaint at 19, but identifies the claim by name as the code section regarding "Deprivation of Civil Rights," which corresponds to 43 U.S.C. Section 1983.

Case No. 21-CV-06606                          1

525 El Camino Real in Millbrae, California and was subsequently followed by Safeway employees and/or attendants. Plaintiff's January 10, 2022 Complaint ("Complaint") at 4:24-27; 5:9-12. Plaintiff contends that he "had words with the Safeway attendants" and accused them of engaging in "subversive activities." *Id.* Plaintiff documents that he did not "take anything form the store, without paying, nor did he purchase anything at the register." *Id.* at 14-16. Despite not relaying what the employees said to him, he infers that this is the reason that they were "harassing" him. *Id.* Plaintiff fled the Safeway. *Id.* Plaintiff documents then at 7:42 a.m. that same morning a patrol car pulled up on him at an "excessive rate of speed" and Plaintiff documents this encounter as the "third law enforcement activity [involving him] at Hillcrest Blvd. and El Camino Real." *Id.* at 5: 22-24. The Plaintiff recounts that he has filed lawsuits in each of the other police two police encounters. *Id.* at 5:21-25. Plaintiff relays that he was asked to sit on the curb by "Office Cheung or Chung" and was allegedly "falsely accused of committing theft from an undisclosed location." *Id.* at 6:11-14. Plaintiff asserts that he was harassed but does not provide further details. According to his own account, the Plaintiff was searched.

Plaintiff's Complaint then goes on to explain that his constitutional rights were violated by another office, A. Constantino, Badge #18920, who violated his constitutional rights on a different date three months prior, May 27, 2021 by "invasively and unlawfully waiting for the plaintiff to move his items form his car to his storage and pulling him over." *Id.* at 6:26-28; 7: 1-5. Plaintiff accuses Officer Constantino of being "aggressive and had officers of [unknown word] with him." *Id.* Plaintiff goes on to describe how he was pulled over on July 9, 2021 in the "late-night hours" by the same officer. *Id.*

Plaintiff's complaint reverts back to the August 19, 2021 incident and documents his "arrest" and that his hands were forced behind is back in a forceful manner and that Officer Constentino's body-worn camera fell from his uniform during this action. *Id.* 10:3-7. Plaintiff documents that his wrist was bent in a manner that caused him pain and that he was "coerced… into *physically resisting the arrest*." 10:14-18 (emphasis added). Plaintiff notes that he was "forced to make attempts to shift away" from the officers and they did not slam him but "gravitated the plaintiff to the hood of the patrol car on his chest." *Id*. at 10: 23-25. Plaintiff goes on to characterize himself as being "hog tied" and taken to the patrol car wherein the responding deputies searched his property; he contends that the search was an "unreasonable search and seizure of his property." *Id.* 11:11-14. Plaintiff claims that his Constitutional Fourth

Amendment right to security from unreasonable search and seizure was violated by the County

Defendants named herein – Sheriff Carlos Bolanos, Deputy Andrew Constantino, Deputy Jimmy Chung

(also identified as "Cheung"), and Deputy Azar.

### III.   LEGAL STANDARD FOR MOTION TO DISMISS

When considering a motion to dismiss, a court must accept as true all "well-pleaded factual

allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 557 (2007). However, general allegations are not entitled to the assumption of truth unless they are

backed by sufficiently specific factual allegations. *Ashcroft*, 556 U.S. at 679-81. To avoid a motion to

dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief

that is plausible on its face.'" *Id.* at 678.  For a claim to be plausible on its face, Plaintiff must allege

"more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."

*Twombly*, 550 U.S. at 555.

The Court may not "supply essential elements of the claim that were not initially pled." *Erickson*

*v. Pardus*, 551 U.S. 89, 94 (2007); *see also Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266,

268 (9th Cir. 1982) ("[v]ague and conclusory allegations of official participation in civil rights violations

are not sufficient to withstand a motion to dismiss"). Though the court must accept well-pleaded factual

allegations of the complaint as true for purposes of a motion to dismiss, the court is "not bound to accept

as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. The pleadings

must contain facts sufficient to allow a court to "draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

### IV.   ARGUMENT

**A.   <u>Fourth Amendment</u>:  Plaintiff's Complaint Fails to State a Claim Upon Which Relief May Be Granted Against County Defendants Because There Are No Facts Pled to Establish that These Defendants Lacked Probable Cause in Their Search of Plaintiff.**

Plaintiff's primary cause of action is predicated on the fact that his Fourth Amendment Right was

violated when Defendant Deputies searched his person and belongings upon suspicion of theft on August

19, 2021. Complaint at 4:24-27; 5:9-12. The Fourth Amendment guarantees "the right of the people to be

secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not

be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and

Case No. 21-CV-06606                                    3

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULES
OF CIVIL PROCEDURE 12(B)(6); MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT

1   particularly describing the place to be searched." U.S. Const. amend. IV.

2          Plaintiff claims that Defendants violated his "right to be free from unreasonable seizures as

3   provided by the Fourth Amendment of the United States Constitution." An unlawful seizure or false

4   arrest claim relies on the substantive Fourth Amendment right to be free from unreasonable searches and

5   seizures. *Hannah v. City of Overland, Mo.*, 795 F.2d 1385, 1389 (8th Cir. 1986). To determine if a person

6   was seized within the meaning of the Fourth Amendment, the relevant inquiry is whether, "in view of all

7   the circumstances surrounding the incident, a reasonable person would have believed he was not free to

8   leave." *United States v. Clark*, 743 F.2d 1255, 1258 (8th Cir. 1984). *See also United States v. Ilazi*, 730

9   F.2d 1120, 1123 (8th Cir. 1984). While pursuant to the Fourth Amendment, an arrest is a seizure,

10  Plaintiff vacillates between alleging that he was arrested or only briefly detained. *See* Complaint at 13:3,

11  14:3-5.  Assuming that Plaintiff's claim that he was arrested is accurate, for purposes of the instant

12  motion and argument only, an arrest is a seizure within the meaning of the Fourth Amendment.

13         In determining whether the seizure was reasonable, the relevant inquiry is whether the police

14  officer had probable cause to arrest Plaintiff. An officer has probable cause if "the totality of facts based

15  on reasonably trustworthy information would justify a prudent person in believing the individual arrested

16  had committed . . . an offense.'" *Smithson v. Aldrich*, 235 F.3d 1058, 1062 (8th Cir. 2000) (quoting

17  *Hannah v. City of Overland, Mo.*, 795 F.2d 1385, 1389 (8th Cir. 1986)). An officer is entitled to rely on

18  his or her training and experience in considering the circumstances and should proceed in the manner of a

19  reasonably cautious officer. *Hannah*, 795 F.2d at 1389. "'The probability, and not a prima facie showing,

20  of criminal activity is the standard of probable cause.'" *Id.* (quoting *United States v. Wallraff*, 705 F.2d

21  980, 990 (8th Cir. 1983)).

22          It is clear that County Defendants had probable cause given the events that Plaintiff admits

23  transpired at the Millbrae Safeway minutes before the first Sheriff's Deputy encountered the Plaintiff.

24  *See* Complaint at 5-6. Plaintiff recounts in detail that that he fled the Millbrae Safeway after no fewer

25  than three Safeway staff members and/or Safeway Security Staff members attempted to call out to

26  Plaintiff and to ask him questions. *Id.* Plaintiff was aware from that point forward that he the staff

27  members suspected him of stealing items from the store. Plaintiff states that he could not hear what the

28  staff was asking him but that "he did not take anything from the store without paying". *Id.* It could not

have come as a surprise to Plaintiff, therefore, that after fleeing the Safeway, where he know he was

under suspicion of theft, that he was stopped by a Sheriff's Deputy, likley responding to a call on the

matter.  The veracity of the shoplifting claims and/or Plaintiff's innocence are irrelevant to the

determination that probable cause did exist at the time of the stop and the subsequent search; Plaintiff

himself was clearly aware of the probable cause for the stop and articulates it in his own Complaint as the

suspected theft at the Safeway. Plaintiff's person and "TIMBUK2" bag were searched in response to this

allegation of suspected theft. *Id.* Plaintiff's claim in regard to a Fourth Amendment Violation for

unlawful search and seizure fails to establish a claim as plead. Plaintiff was well aware of the probable

cause that existed for the search.

**B.   Excessive Force: Plaintiff's Complaint Fails to State a Claim Upon Which Relief May Be Granted Against County Defendants Because There Are No Facts Pled to Establish that Defendants Used Excessive Force during Detention of Plaintiff.**

"The right to be free from excessive force in the context of an arrest is a clearly established right

under the Fourth Amendment's prohibition against unreasonable seizures.'" *Ngo v. Storlie*, 495 F.3d 597,

604 (8th Cir. 2007) (quoting *Samuelson v. City of New Ulm*, 455 F.3d 871, 877 (8th Cir. 2006)).

Excessive force claims are to be analyzed "under a reasonableness standard to determine whether, in

light of the facts and circumstances, the officer's actions were objectively reasonable." *Gill v.

Maciejewski*, 2008 WL 4777127, at *2 (8th Cir. 2008). A personalized analysis is required in the

application of the law given that law enforcement officers "are often forced to make split-second

judgments-in circumstances that are tense, uncertain, and rapidly evolving;" these factors all influence an

officer's decision about the amount of force that is necessary in a particular situation. *See Id.* (quoting

*Graham v. Connor*, 490 U.S. 386, 396 (1989)).

Important to the instant case, Plaintiff does not allege *any* facts about excessive force other than a

passive conclusory description that he was "hog tied," *see* Complaint at 11:11-14, without any factual

description or detail of what the term means in the context his encounter with Sheriff's deputies. The

only specific detail that he provides is that his wrist was wrenched uncomfortably behind his back when

deputies were in the process of restraining him and placing him temporarily in the patrol vehicle as he

struggled. *See* Complaint, 10:14-18.  In his own description, Plaintiff concedes that he was ***resisting

arrest***. *Id.* (Plaintiff documents that his wrist was bent in a manner that caused him pain and that he was

1     "coerced… *into physically resisting the arrest*." (emphasis added)). Further, even if Plaintiff had

2     definitively established that the arresting officers handcuffed him and wrenched his arms behind his back

3     to facilitate handcuffing him or restraining him, such actions are standard in carrying out an arrest and

4     are entirely reasonable. Other than this brief assertion, Plaintiff has produced no evidence to support this

5     claim, and the record fails to demonstrate that any genuine issue of material fact exists regarding the use

6     of excessive force. Defendants are therefore entitled to summary judgment on this claim.

7          **C.   Failure to Intervene:   Plaintiff's Claim for Relief Against County Defendants Pursuant to USC Section 1983 Fails to State a Claim Upon Which Relief May Be Granted Because No**

8          **Constitutional Violation Occurred and Qualified Immunity Applies.**

9        In his final allegation against County Defendants, Plaintiff makes a passing claim regarding the

10    responding Sheriff's Deputies' failure to intervene to protect him from painful "wrist bending,"

11    Complaint at 19, and thus infers a violation of Section 1983. Section 1983 imposes two essential proof

12    requirements upon a claimant: (1) that a person acting under color of state law committed the conduct

13    at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected

14    by the Constitution or laws of the United States." *Leer v. Murphy*, 844 F.2d 628, 632-633 (9th Cir. 1988).

15    Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating

16    federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271, 114 S.Ct. 807, 811 (1994)

17    (quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3, 99 S.Ct. 2689, 2694, n. 3 (1979)). Section 1983

18    characterizes liability "in favor of persons who are deprived of 'rights, privileges, or immunities secured'

19    to them by the Constitution." *Carey v. Piphus*, 435 U.S. 247, 253, 98 S.Ct. 1042 (1978) (quoting *Imbler*

20    *v. Pachtman*, 424 U.S. 409, 417, 96 S.Ct. 984, 996 (1976)). "The first inquiry in any §1983 suit,

21    therefore, is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws.'"

22    *Baker v. McCollan*, 443 U.S. 137, 140, 99 S.Ct. 2689 (1979). The essential task is to identify the specific

23    constitutional right allegedly infringed. *See Albright*, 510 U.S. at 271, 114 S.Ct. at 811. "Section 1983

24    imposes liability for violations of rights protected by the Constitution, not for violations of duties of care

25    arising out of tort law." *Baker*, 443 U.S. at 146, 99 S.Ct. 2689.

26        Plaintiff has failed to allege facts that establish an unlawful seizure, the use of excessive force,

27    and/or any other Constitutional violation; without the pre-requisite of facts underpinning a constitutional

28    violation a claim under Section 1983 is an impossibility. While County Defendants on the scene were

1   most probably acting under color of state law, thus satisfying prong (1) under *Leer,* Plaintiff has

2   repeatedly failed to establish a Constitutional violation and in doing so, falls short of establishing the

3   factual prerequisites of a violation of Section 1983 violation.

### 1. Further Eschewing Liability Under Section 1983 is the Qualified Immunity of Law Enforcement Officers

6   As discussed above, law enforcement officer is entitled to qualified immunity in an action filed

7   under § 1983 unless: (1) facts viewed in the light most favorable to the injured party show that the officer

8   violated a constitutional right; and (2) the right was clearly established at the time of the alleged

9   misconduct.

10   The doctrine of qualified immunity is designed to protect from liability "all but the plainly

11   incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 343 (1986). "The

12   central purpose of affording public officials qualified immunity from suit is to protect them from undue

13   interference with their duties and from potentially disabling threats of liability." *Elder v. Holloway*, 510

14   U.S. 510 (1994).

15   In *Saucier v. Katz*, 533 U.S. 194 (2001), the United States Supreme Court set forth a two-step

16   sequence for resolving government officials' qualified immunity claims. First, a court must decide

17   whether the facts that a plaintiff has alleged make out a violation of a constitutional right. *Id.* at 201.

18   Second, if the plaintiff has satisfied this first step, the court must decide whether the right at issue was

19   "clearly established" at the time of defendant's alleged misconduct. *Id.* Qualified immunity is applicable

20   unless the official's conduct violated a clearly established constitutional right. *Anderson v. Creighton*,

21   483 U.S. 635, 640 (1987). The Court may exercise its discretion in deciding which of the two prongs

22   should be addressed first in light of the particular case's circumstances. *Liberal v. Estrada*, 632 F.3d

23   1064, 1076 (9th Cir. 2011).

24   First, a court must decide whether the facts that a plaintiff has alleged make out a violation of a

25   constitutional right. Second, if the plaintiff has satisfied this first step, the court must decide whether the

26   right at issue was "clearly established" at the time of defendant's alleged misconduct. Whether the

27   defendant violated a constitutional right and whether the right was clearly established are pure legal

28   questions for the court. *Serrano v. Francis*, 345 F.3d 1071, 1080 (9th Cir. 2003). Plaintiff does not satisfy

the first element of the Saucier analysis: it cannot be established that the Defendant Officers violated

Plaintiff's Constitutional rights; no facts are alleged undermining the responding deputies reasonable

belief that Plaintiff had fled the Safeway after being asked to stop by security personnel due to possible

theft.

Furthermore, the facts that the Plaintiff has alleged are not enough to amount to a Constitutional

violation. Qualified immunity applies to a claim of excessive force unless the amount of force used was

"clearly unlawful." *Saucier*, 533 U.S. at 202. The Supreme Court stated in 2011: "We have repeatedly

told courts - and the Ninth Circuit in particular (citations omitted) - not to define clearly established law

at a high level of generality." *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011). Rather, the case law

establishing a violation must be fairly specific as to the factual scenario at hand, unless the violation is

patently "obvious." The "bar for finding such obviousness is quite high." *Mattos v. Agarano*, 661 F.3d

433, 442 (9th Cir. 2011).

For example, the Federal Eastern District of California determined that when officers were given

a warrant to search a man's house based on his alleged tax evasion, they could have committed excessive

force in violation of the Fourth Amendment when "the officers kicked the door in, dragged him out of

bed, and handcuffed him. They pushed him up against his entertainment center and placed a shotgun

against the back of his neck. [He] remained in handcuffs for at least an hour." *Hansen v. Schubert*, 459 F.

Supp. 2d 973, 982 (E.D. Cal. 2006). The uncomfortable bending of one's wrist does not meet the bar set

in *Mattos* nor *Hansen*. By contrast, Plaintiff was placed in the back of a vehicle and restrained briefly;

Plaintiff, by his own admission, in multiple locations in the Original Complaint admits to resisting the

arrest and actively moving his body away from the restraining deputies. Compliant at 10:14-18. Even

viewed in the most favorable light, Plaintiff's stated facts do not meet the required elements for

establishing a Constitutional violation that would overtake the doctrine of Qualified Immunity.

### D. Plaintiff Mentions but Fails to Allege Facts Sufficient to Sustain a Monell Claim Based on a Governmental Policy or Longstanding Practice.

Plaintiff only addresses *Monell* Liability in passing but County Defendants would be remiss not

to address it. It is not sufficient for Plaintiff to simply identify a custom or policy, attributable to the

County or its agents, and claim that the custom or policy caused his injury. A plaintiff must also

demonstrate that the custom or policy was adhered to with "deliberate indifference to the constitutional rights of [the jail's] inhabitants." *Castro*, *supra*, at 1076, *citing City of Canton, Ohio v. Harris* (1989) 489 U.S. 378, 378-79. A municipality is deliberately indifferent when "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *City of Canton*, *supra*, at 390.

The Ninth Circuit has held that *Monell* claims are subject to the following pleading requirements:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of the underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*A.E. ex. Rel Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (citation omitted). The Ninth Circuit previously held that a claim of municipal liability under § 1983 is sufficient to withstand a motion to dismiss even if the claim is "based on nothing more than a bare allegation that the individual officer's conduct conformed to official policy, custom or practice." *Inman v. Anderson*, 294 F.Supp.3d 907, 920 (N.D. Cal. 2018), *citing A.E.*, *supra,* at 636. "However, '[t]he Ninth Circuit has made clear that claims of *Monell* liability must now comply with the basic principles set forth in *Twombly* and *Iqbal*: (1) the complaint 'may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively; and (2) the 'factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.'" *Id.*, *citing A.E.*, *supra*, at 636-37.

The Northern District has recognized that, while there may exist an "inherent difficulty of identifying specific policies absent access to discovery, that is nonetheless the burden of plaintiffs in federal court." *Jones v. County of Contra Costa*, Case No. 13-cv-05552-TEH, 2016 WL 1569974, *2 (N.D. Cal. Apr. 19, 2016). Further, Plaintiff "cannot prove the existence of a *municipal* policy or custom based solely on the occurrence of a single incident or unconstitutional action by a non-policymaking employee." *Nadell v. Las Vegas Metropolitan Police Dept.*, 268 F.3d 924, 929 (9th Cir. 2001), *abrogated*

*on other grounds by Beck v. City of Upland*, 527 F.3d 853 (9th Cir. 2008) (citation omitted). Plaintiff's allegations in this respect lack clarity, precision, and detail.

Plaintiff's conclusory allegations, supra, are insufficient to plead either a formal governmental policy or a longstanding practice or custom. A *Monell* claim based on a longstanding practice or custom "must consist of more than 'random acts or isolated events' and instead, must be the result of a 'permanent and well-settled practice.'" *Parker v. City of Pittsburg*, 2017 WL 2986225, at *5 (N.D. Cal. July 13, 2017) (citations omitted); *see also Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy."). The custom or practice must be "so widespread as to have the force of law." *Hunter v. Cty. of Sacramento*, 652 F.3d 1225, 1233 (9th Cir. 2011).

There is no demonstration in the Complaint of a "widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law" (internal quotation marks omitted). *City of St. Louis v. Praprotnik* (1988) 485 U.S. 112, 127 (plurality opinion). To withstand a motion to dismiss, the Complaint must allege facts indicating the policy was "so facially deficient that any reasonable policymaker would recognize the need to take action." *Hyun Ju Park v. City & County of Honolulu*, 952 F.3d 1136, 1141 (9th Cir. 2020); *Board of Commissioners of Bryan County v. Brown* (1997) 520 U.S. 397, 409.

Governmental "culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick v. Thompson* (2011) 563 U.S. 51, 60. To properly plead actionable failure to train, plaintiff must demonstrate that (1) the training program was inadequate "in relation to the tasks the particular officers must perform;" (2) the officials were deliberately indifferent to the rights of persons with whom they come into contact; and (3) the inadequacy of the training actually caused the constitutional deprivation at issue." *Merritt v. County of Los Angeles*, 875 F.2d 765, 770 (9th Cir. 1989) (citations omitted).  "Failure to train may amount to a policy of 'deliberate indifference,' if the need to train was obvious and the failure to do so made a violation of constitutional rights likely." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011).

Plaintiff has not met this burden; his conclusory allegations fall short of establishing deliberate

indifference on the part of County policymakers, even at the pleading stage.  Such conclusory allegations are insufficient to state a cause of action because, by failing to articulate any supporting facts, Plaintiff does not plausibly suggest a failure to train or supervise employees in any particular manner, let alone in a manner applicable to the underlying incident.

**E.  Plaintiff Does Not Articulate Any Claim Against Sheriff Bolanos**

Plaintiff includes Sheriff Bolanos's name in the list of defendants without articulating any specific claims against him, for "supervisor liability" or otherwise under § 1983. As a result, Plaintiff fails to state a claim against Sheriff Bolanos for several reasons. Plaintiff does not specify whether Sheriff Bolanos is sued in his official capacity or his individual capacity, but either way, the claim fails. "Official-capacity damages claims against individual municipal officers are claims against the municipality itself." *Hill v. Baca*, 2010 18 WL 1727655, *5 (C.D. Cal. Apr. 26, 2010) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978)). Any claims against Sheriff Bolanos in his official capacity are encompassed by *Monell* claims, if any, against the County, discussed infra in Section D, and must be dismissed. *See Carmona v. Bolanos*, 2019 WL 2247832, *4 (N.D. Cal. May 23, 2019) (dismissing claim against Bolanos because it was subsumed by § 1983 claims against County); *Maldonado v. City of Ripon*, 2018 WL 5304820,*6 (E.D. Cal. Oct. 24, 2018) (dismissing claims against police chief as duplicative of claims against city). To the extent Plaintiff seeks to allege a claim against Sheriff Bolanos in his individual capacity, the claim fails because he has not alleged facts establishing his own culpable action, or inaction, in the alleged misconduct. *See Starr v. Baca*, 652 F.3d 1202, 1205 (9th Cir. 2011).

//

//

//

//

//

//

//

//

//

1

## V.     CONCLUSION

For the reasons set forth in detail above, the Defendants respectfully request the Court dismiss all Plaintiff's claims against County Defendants Sheriff Carlos Bolanos, Deputy Andrew Constantino, Deputy Jimmy Chung (also identified as "[Deputy] Cheung"), and Deputy Azar, and the County of San Mateo pursuant to Rule 12(b)(6).


 Dated:  January 31, 2022                                Respectfully submitted,

                                                        JOHN C. BEIERS, COUNTY COUNSEL


                                                        By: _____/s/_____
                                                                 Jennifer A. Stalzer, Deputy


                                                        Attorneys for Defendants
                                                        COUNTY OF SAN MATEO, SHERIFF
                                                        CARLOS BOLANOS, DEPUTY ANDREW
                                                        CONSTANTINO, DEPUTY JIMMY CHUNG,
                                                        AND DEPUTY AZAR (COUNTY
                                                        DEFENDANTS)