1
2
3
4
5
6                UNITED STATES DISTRICT COURT
7             NORTHERN DISTRICT OF CALIFORNIA
8

9   ROBERT LINDBLAD,              Case No.  21-cv-06606-SI

10         Plaintiff,

11       v.                  **ORDER GRANTING MOTION TO SET ASIDE DEFAULT AND DENYING SUCCESSIVE MOTION TO COMPEL ENTRY OF DEFAULT**

12   CARLOS G. BOLANOS, et al.,

13         Defendants.        Re: Dkt. No. 38, 41

14

15      Before the Court is defendants' motion to set aside a default entered by the Clerk on January

16 7, 2022.  Dkt. No. 38 (filed January 10, 2022).  Also before the Court is plaintiff's successive motion

17 to compel entry of default, in which plaintiff alleges the Clerk committed error by finding moot

18 another motion for default submitted by plaintiff on January 7—the same day in which the Clerk

19 entered the default which is now being challenged by defendants.  Having carefully considered the

20 papers submitted by the parties and the arguments contained therein, the Court finds it appropriate

21 to resolve the matter without oral argument and hereby **VACATES** the hearing scheduled for March

22 4, 2022.

23      For the reasons explained below, the Court **GRANTS** defendants' motion to set aside default

24 and **DENIES** plaintiff's motion to compel entry of default.

25

26                      **BACKGROUND**

27      Defendants' motion to set aside default presents two arguments. First, defendants assert that

28 proper service was not actually complete until January 10, 2022—three days after the Clerk's Entry

United States District Court
Northern District of California

of Default.   Dkt. No. 38.[1]   Second, defendants argue that—assuming service was complete previously—their failure to submit a timely response was due to honest mistake and confusion. *Id*.

This is not the first time that defendants remark on alleged deficiencies in plaintiff's service of the summons and complaint.  In a case management statement filed one week prior to a scheduled initial case management conference, defendants stated that they

> have not been served and the documents were not appropriately forwarded to legal counsel until November 2, 2021 and did not reach the assigned attorney until mid-November. The undersigned has reached out to the U.S. Marshall service regarding correction of service but personal service has not yet been effectuated. In order to prevent more complication on this matter, Defendants propose acceptance of service as of November 23, 2021 and setting Defendants' answer date as December 15, 2021.

Dkt. No. 24 at 6 (filed November 24, 2021).  The Court held the initial case management conference on December 3, 2021.  However, plaintiff did not show up.  Due to plaintiff's absence, the Court continued the initial case management conference to February 4, 2022.

In a subsequent order filed on December 13, 2022, the Court directly addressed the issue of deficient service.  Dkt. No. 31.  That order arose from a motion for default judgment filed by plaintiff one month prior.  Dkt. No. 19.  In denying plaintiff's motion for default, the Court referred directly to defendants' stipulated date of completed service:

> Further, defendants assert in their Case Management Conference Statement that proper service has never been effected. In light of this confusion, defendants have proposed, and the Court directs, that service shall be deemed complete by November 23, 2021. Thus responses are not due until December 15, 2021. The grant or denial of default judgment is "entirely within the court's discretion." *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002). Because plaintiff's motion is premature given the date of service, the Court DENIES plaintiff's motion.

*Id*.  There was nothing ambiguous about the Court's order.  Per defendant's *own proposal*, the Court deemed service complete on November 23 and set a response deadline consistent with Rule 12(a)(1)(A)(i).  Defendants failed to file a timely response.  Plaintiff moved for entry of default on December 23, 2021.  Dkt. No. 34.  Defendant did not file an opposition.

---

[1] In particular, defendants assert plaintiff had previously tried to personally deliver service in contravention of Rule 4(c)(2)'s requirement that a non-party effectuate service. Defendants also claim that plaintiff "dropped off" the summons with "secretarial staff at a County department desk, not an 'agent authorized by appointment of by law to receive service of process,' [as required by Rule 4(e)]."

2

United States District Court
Northern District of California

1   The Clerk entered default on January 7, 2022.  Dkt. No. 36.  That same day, plaintiff filed

2   another motion for default, requesting a "sum certain" of three million dollars.  Dkt. No. 37 ¶ 21.

3   The Clerk declined this subsequent motion as moot given the January 7 entry of default.  Dkt. No.

4   40.

5   Defendants filed the instant motion on January 10, 2022.  Dkt. No. 38.  In addition to arguing

6   that proper service was not complete until January 10, 2022, defendants also argue that the Court's

7   continuance of the initial case management conference to February 4, 2022, as well as the lack of

8   proper service as of the December 3, 2021 hearing, led them to believe that response deadlines were

9   "inapplicable."  Dkt. No. 38 at 2.

10   On January 18, 2022, one week after defendants moved to set aside the default, plaintiff filed

11   a "motion to compel entry and default judgment," arguing that the Clerk's declination of his

12   successive motion for default "was an incorrect Moot declaration that was done in error of the

13   interest of the plaintiff."  Dkt. No. 41.  "[O]ut of an abundance of caution," defendants filed an

14   opposition to plaintiff's successive motion to compel entry of default.  Dkt. No. 49.

15   On January 31, 2022, defendants filed a motion to dismiss the complaint.  Dkt. No. 46.  If,

16   as defendants put it, service was not properly complete until January 10, the motion to dismiss was

17   filed within 21 days of the date of service.

18

19   **LEGAL STANDARD**

20   "Judgment by default is a drastic step appropriate only in extreme circumstances; a case

21   should, whenever possible, be decided on the merits."  *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir.

22   1984).  Excusable errors and ignorance of the law do not amount to "extreme circumstances,"

23   particularly where a party against whom default is entered promptly responds with a motion to set

24   aside the default.  *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d

25   1085, 1091 (9th Cir. 2010).

26   Accordingly, the Federal Rules of Civil Procedure grant the district courts authority to "set

27   aside an entry of default for good cause."  Fed. R. Civ. Pro. 55(c).  To determine whether good cause

28   exists, a court must consider: (1) whether the movant "engaged in culpable conduct that led to the

1   default," (2) whether the movant lacks meritorious defenses, or (3) whether "reopening the default

2   judgment would prejudice the other party." *Signed Personal,* 615 F.3d at 1091. "A finding that any

3   one of these factors is true is sufficient reason for the district court to refuse to set aside the default."

4   *Id*.

5       Under the first of these factors, a "movant cannot be treated as culpable simply for having

6   made a conscious choice not to answer." *Id*. at 1092. Rather, the "movant must have acted with

7   bad faith, such as an 'intention to take advantage of the opposing party, interfere with judicial

8   decisionmaking, or otherwise manipulate the legal process." *Id*. As to the second factor, a defendant

9   "seeking to vacate a default judgment must present specific facts that would constitute a defense,"

10   a burden which is "not extraordinarily heavy." *Id*. at 1093 ("All that is necessary to satisfy the

11   'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a

12   defense"). As to the third factor, prejudice to the nonmovant, the "the setting aside of a judgment"

13   must "result in greater harm than simply delaying resolution of the case." *Id*. at 1095.

14

15                                   **DISCUSSION**

16       Both parties are culpable in impeding the timely and seamless administration of this case.

17   Plaintiff repeatedly failed to effectuate proper service through the fall of 2021 and has now filed

18   several duplicative requests for default. Defendant failed to file a timely response to the complaint

19   notwithstanding the Court's unambiguous December 15, 2022 deadline, set per defendant's own

20   proposed date for rendering service complete. However, the Court finds that these are not "extreme

21   circumstances" that will justify depriving defendants of the opportunity to respond to plaintiff's

22   claims on the merits.

23       First, the Court finds no evidence that defendant's failure to file a response by December 15,

24   2021 was driven by bad faith. Defendant's moving papers and correspondence with this Court

25   indicate confusion and, at worst, excusable neglect – but not an intention to take advantage of

26   plaintiff, interfere with judicial decisionmaking, and manipulate the legal process. Second, the

27   Court has been repeatedly made aware of defendant's asserted defenses, which, if true, could

28

United States District Court
Northern District of California

1  constitute a meritorious defense.  *See* Dkt. No. 24 at 2-3 (CMC Nov. 24, 2021).[2]  Third, the Court

2  does not identify any cognizable prejudice that would befall plaintiff—other than delay—were the

3  Court to set aside the default.  Accordingly, the Court finds it appropriate to set aside the default.

4  For these same reasons, and due to a lack of extreme circumstances, the Court finds it

5  inappropriate to grant plaintiff's successive motion to compel entry of default, notwithstanding any

6  assumed errors in the clerk's "declination of default as moot."

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** defendants' motion to set aside the default

entered on January 7, 2022, Dkt. No. 38, and **DENIES** plaintiff's successive motion to compel entry

of default. Dkt. No. 41.


**IT IS SO ORDERED**.

Dated: February 28, 2022

_____

SUSAN ILLSTON
United States District Judge

United States District Court
Northern District of California

---

[2] The Court does not identify a requirement in the case law that the meritorious defenses appear in the motion to set aside default itself, rather than in other papers previously submitted.