United States District Court
Northern District of California

1

2

3

4                        UNITED STATES DISTRICT COURT

5                      NORTHERN DISTRICT OF CALIFORNIA

6

7      ROBERT LINDBLAD,                      Case No. 21-cv-06606-SI

8              Plaintiff,

9         v.                                 **ORDER ON PENDING MOTIONS**

10     CARLOS G. BOLANOS, et al.,            Re: Dkt. Nos. 46, 50, 51, 54

11             Defendants.

12

13         Before the Court are several pending motions: **(1)** Defendant's 12(b)(6) motion to dismiss

14    the complaint, Dkt. No. 46; **(2)** Plaintiff's motion to amend the complaint, Dkt. No. 50;

15    **(3)** Plaintiff's motion to subpoena video evidence, Dkt. No. 51; and **(4)** Plaintiff's motion for an

16    extension of time to oppose defendant's motion, Dkt. No. 54.  The Court orders as follows:

17

18         **(1) Motion to Dismiss, Dkt. No. 46 – MOOT**

19         Because the Court will grant plaintiff's motion to file an amended complaint, defendant's

20    motion to dismiss is moot.  The motion hearing scheduled for March 25, 2022 is accordingly

21    **VACATED**.   The Initial Case Management Conference scheduled for March 25, 2022 is

22    **CONTINUED** to April 22, 2022 at 2:30pm.

23

24         **(2) Motion to Amend, Dkt. No. 50 – GRANTED**

25         Federal Rule of Civil Procedure 15(a)(1) gave plaintiff 21 days after defendant's filing of a

26    Rule 12(b) motion to amend the complaint "as a matter of course."  Because more than 21 days have

27    passed, plaintiff now requests leave to amend the complaint pursuant to Fed. R. Civ. P. 15(a)(2).

28    Defendants oppose the motion.  Dkt. No. 55.  The motion asserts leave is required to "clarify

United States District Court
Northern District of California

1   pertinent issues," Dkt. No. 50 ¶ 3, address "a multiplicity of documents submitted by the defendants

2   counsel," *id*. ¶ 4, and "perfect…jurisdictional issues." *Id*. ¶ 8.  Although the motion is vague and

3   difficult to follow, Rule 15(a)(2) requires this Court to "freely give leave when justice so requires."

4   While the court may deny the motion "if permitting an amendment would, among other things, cause

5   an undue delay in the litigation or prejudice the opposing party," *Zivkovic v. S. California Edison*

6   *Co*., 302 F.3d 1080, 1087 (9th Cir. 2002), the Court cannot conclude that an amended complaint

7   would cause delay or prejudice defendants.  The motion for leave to amend the complaint is

8   accordingly **GRANTED**.  The amended complaint is due no later than **March 18, 2022** – the date

9   indicated in plaintiff's motion.  Because plaintiff has had ample time to review the arguments raised

10  in defendant's motion to dismiss, the Court does not anticipate granting further leave to amend in

11  the event the Court finds merit to a subsequent motion to dismiss.

12

13        **(3) Motion to Subpoena, Dkt. No. 51 - DENIED**

14        Discovery requests and subpoenas are not appropriate prior to occurrence of an Initial Case

15  Management Conference.  In this case, the Initial CMC was scheduled for March 25, 2022 and is

16  now scheduled for April 22, 2022 .  The Motion to Subpoena is thus premature and will be **DENIED**.

17

18        **(4) Motion for Extension of Time, Dkt. No. 54 – MOOT**

19        Because the Court grants plaintiff's motion for leave to amend, and finds the pending motion

20  to dismiss moot, plaintiff's request for additional time to respond to the motion to dismiss is also

21  moot.

22

23

24        **IT IS SO ORDERED**.

25  Dated: March 16, 2022

26  _____

27  SUSAN ILLSTON
    United States District Judge

28