|  |  | Date: 7/11/2022 |
|---|---|---|
| Plaintiff, | ) | Case No. 21-CV-06606 |
| ROBERT LINDBLAD | ) | Motion: Motion to Recuse |
| V. | ) | Contact: Inapplicable |
| Defendant, | ) | EMAIL: |
| BOLANOS | ) | lindblad2716@aol.com |
| *at. el.* | ) | Address: |
|  | ) | Homeless |

## Motion to Recuse and Affidavit

1. The plaintiff requests Judge Illston recuses herself from any further involvement in motions to the court in case 21-cv-06606-SI.

2. The plaintiff employs statute 28 U.S.C. §144 which states:

   > Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

   > The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

3. The plaintiff has submitted an affidavit to accompany this motion to validate the recusal.

4. Furthermore, the plaintiff request a hearing to remove Justice Illston.

5. Justice Illston is being accused of working with agents from Colorado in the Federal Bureau of Investigation and committing fraud in the Northern California court with Jewish and Chinese descendants that frustrates the plaintiff's legal claims through prejudice and bias based on her associations and misconduct.

6. Plaintiff alleges that multiple Jewish interest and Jewish blood Justices work inside the Northern District of California and 9th Circuit court in a religion that prides itself on fraud and money.

7. Plaintiff has researched the prevalence of Jewish descendants in the United States and found San Francisco to be a hub of such conglomeration.

8. Multiple members of the FBI are Jewish as their religion is to creep into the hierarchy of all operations and fraudulently exploit such parameters for undue gain.

9. The plaintiff asserts Jewish and Chinese interests are at strong interest outside the interest and fiduciary interest of the plaintiff's with a conflict of interest aroused.

10. Chinese and Jewish descendants are said to fraudulently collaborate at the court to deter money interest due to the plaintiff, with influence the members of the aforesaid parties are said to have upon the court through various means of leverage as disclosed to the plaintiff by recording the plaintiff holds as evidence on a storage device as admitted why he cannot receive justice from a high level agents.

11. A Chinese Intelligence operative has notified the plaintiff that Justice Illston promotes Judaism and he believes he cannot be offered a fair trial due to bias and prejudice.

12. The plaintiff plans on filing a motion to change venue §1404 in hopes of finding a legitimate jurisdiction to properly adjudicate his court claims.

13. Justice Susan Illston is argued to likely be bias and prejudice the plaintiff's hopes of changing jurisdiction based on her involvement in a civil conspiracy against the plaintiff and favoritism to other parties.

14. Justice Susan Illston is said to have dismissed the plaintiff's case in an attempt to avoid being under scrutiny due to that criminal conspiracy in case 21-cv-06606, whereas police had a civil action filed against them for excessive force and search and seizure violations in an attempt to avoid prosecution of various actors in a profitable scheme to extort the plaintiff for their interest against his liberties.

15. Moreover, Justice Illston is accused of aiding in identity theft against the plaintiff and allowing others to supplement themselves into court hearing to steal interest belonging to the plaintiff.

16. She is required to disqualify herself for involvement in fiduciary activities to her and her family and for conflict of interest if she has involvement in an advisory capacity under statute 28 U.S.C. §455.

17. The plaintiff believes due to the extensive money at stake in 21-cv-06606-SI and beneficiary wealth due to the plaintiff she has likely taken bribes.

18. The Chinese Intelligence agent mentioned in ¶10 has also disclosed to the plaintiff that individuals in the court have closed the case on viewable record and have embezzled money from the case through secret court hearings or activities surrounding legal matters the court and others can benefit from through exploitation.

19. He believes the court are double entry book keeping court records to embezzle money as stipulated in the paragraphs below.

20. Plaintiff identified a document on the Westlaw website labelled 2022 WL 2402646 that he had never received whereas Justice Illston wrote a report denying the plaintiff the right to hold a sanctions hearing.

21. He believes she is attempting to avoid him entering a court and putting pressure on her misconduct at all costs.

22. The plaintiff has verified the document never reached his email or case on the PACER website.

23. The document is also labelled a slip opinion that appears an unlawful and fraudulent avenue for the court to deter exposure in cases undesired publicized.

24. In conclusion, the plaintiff believes with other evidence that multiple court hearings have commenced outside his presence that have been alerted to him by suspicious documents on the PACER website.

25. Justice Illston has written a dismissal with no reason admitted and no caselaw cited.

26. She had written an extensive opinion the plaintiff was intentionally never given that point to the fact court activity is taking place outside his presence.

27. The plaintiff declares this piece of evidence validate Justice Illston is involved in a violation of the plaintiff's constitutional rights and a civil conspiracy against the plaintiff.

28. Justice Illston and the Northern District of California court have also endeavored in other suspicious behavior pointing to their involvement in a civil conspiracy against the plaintiff.

29. Multiple dates have been pushed back relevant to the case management meeting.

30. The plaintiff believes the courts are so entrenched in a conspiracy that they have forestalled all court engagements and have attempted to find a way to deter justice through delay.

31. Case management and motions hearings have been forestalled in dkt.44, unnumbered dkt. between dkt.56 and dkt. 57 motion hearing on 3/25/2022, unnumbered dkt. between dkt.56 and dkt.57 case management hearing, dkt.66.

32. The plaintiff has had four hearings moved ahead without justification pointing to neglect by the court.

33. He believes they were not docket conflicts, but an avoidance of justice due to the plaintiff based on fear, fraud, and influence between civil conspirators mentioned in this complaint in and outside the courtroom.

34. Case 21-cv-06606 is a case involving police abuse surrounding extortion and exploitation with involvement of agents from Colorado, California and the opposition attorney representing San Mateo County.

35. The plaintiff requires recusal and remand for *de novo* addresssment of the Rule 12(b) motion acceptance letter to dismiss the case filed by Justice Illston on July 4, 2022 since she should have disqualified herself instead of ordered the case dismissed.

36. Plaintiff argues the court engagement has remained non-judicial based on explained circumstances.

37. Furthermore, the plaintiff must file other motions the justice assigned to the case cannot rule upon because she would be prejudice in her rulings to outside interests.

38. The plaintiff is certain he will file a change of venue motion §1404 and a Rule 60 motion for fraud on the court in the case and further involvement by Justice Susan Illston would severely frustrate the initiatives of the plaintiff.

39. Plaintiff endorses both §144 & §455 to propound the removal of Justice Susan Illston in this motion to recuse and disqualify the justice.

40. Due Process under the 14th and 5th Amendment of the United States Constitution further requires the recusal and disqualification of Justice Illston.

41. The plaintiff in the case asserts he has submitted this motion in good faith and in the interest of justice. See *U.S. v. Izaguirre* holding:

> United States District Court, N.D. California.March 20, 2012Not Reported in F.Supp.2d2012 WL 948962  Defendant further asserts that due process requires recusal because Judge Alsup has prejudged his guilt and acted as part of the accusatory process. However, all of the cases cited by defendant are distinguishable. In Caperton v. A.T. Massey Coal Co., Inc., 556 U.S. 868, 129 S.Ct. 2252, 173 L.Ed.2d 1208 (2009) , the Court found that under the extreme facts of that case, the probability of actual bias r[ose] to an

unconstitutional level and the judge should have recused himself. Id. at 2265. In Caperton, a jury found a coal company, Massey, liable and the trial judge entered a $50 million verdict against the corporation.

42. The plaintiff asserts his case is valid and concrete in case 21-cv-06606. It is beyond dispute he will win the case and a miscarriage of justice to a great degree to contend a bias judge could violate the sanctuary of constitutional rights against a citizen and society.

43. Unless the case is ruled upon *de novo* a great injustice to any trust in law would reign eternally. The plaintiff deems the entire Northern District Court is involved in high stakes corruption and unable to be a proper forum for true justice.

**This document is submitted under the penalties of perjury and contempt if any known truth exist in the statements submitted by the plaintiff.**

Parties Served:

**San Mateo County**

400 County Center, Redwood City, CA 94063

**Jennifer Stalzer**

400 County Center, Redwood City, CA 94063

**Chief Bolanos**

400 County Center, Redwood City, CA 94063

**Officer Constantino**

581 Magnolia Ave, Millbrae, CA 94030

**Officer Azar**

581 Magnolia Ave, Millbrae, CA 94030

**Officer Cheng**

581 Magnolia Ave, Millbrae, CA 94030

**Officer Cheung**

581 Magnolia Ave, Millbrae, CA 94030

**City of Millbrae**

612 Magnolia Ave, Millbrae, CA 94030

Robert Lindblad

Address:

Email: lindblad2716@aol.com

Phone: (None)