United States District Court<br>Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MICHAEL LINDBLAD, <br><br> Plaintiff, <br><br> v. <br><br> CARLOS G. BOLANOS, et al., <br><br> Defendants. | Case No. 21-cv-06606-SI <br><br> **ORDER REOVKING *IN FORMA PAUPERIS* STATUS ON APPEAL** <br><br> Re: Dkt. No. 96, 98 |

The Court has received a referral notice from the Ninth Circuit Court of Appeal. Dkt. No. 98. The notice directs the Court to determine whether *in forma pauperis* (IFP) status should continue for plaintiff's appeal or whether the appeal is frivolous or taken in bad faith. *See* 28 U.S.C. § 1915(a)(3). Also before the Court is plaintiff's motion for leave to appeal IFP. Dkt. No. 96.

An appeal may not be taken IFP if it is not taken in good faith. 28 U.S.C. § 1915(a)(3). An appeal is in good faith where any portion of the appeal is "non-frivolous." *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002). An issue is frivolous if it has "no arguable basis in fact or law." *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990). A claim that is incomprehensible may be frivolous.

The Court liberally construes plaintiff's arguments. *Draper v. Rosario*, 836 F.3d 1072, 1080 (9th Cir. 2016). Plaintiff raises seven issues on appeal.[1] Dkt. No. 90. First, he argues that he

---

[1] Plaintiff lists "Sixth Appealable Issue Claim" twice. *See* Dkt. No. 90 at 10, 11.

1   properly served a summons on November 9, 2021 and defendants defaulted by failing to respond;

2   therefore, plaintiff should be entitled to default judgment. *Id.* at 1–2. Second, plaintiff alleges he

3   was "given a judgment with no citation or opinion on July 4, 2022." *Id.* at 3. Third, plaintiff alleges

4   the Court did not respond to his motion for sanctions found at Dkt. No. 81, and that his motion for

5   sanctions was decided in an opinion that has been concealed from Defendant by the Court. *Id.* at 4.

6   Plaintiff appears to challenge the Court's decision not to impose sanctions. *Id.* at 4–7. Fourth,

7   plaintiff appeals the Court's decision not to permit a Second Amended Complaint. *Id.* at 7–9. Fifth,

8   plaintiff argues that the Court incorrectly dismissed his complaint as frivolous. *Id.* at 9–10. Sixth,

9   plaintiff appeals the denial of his excessive force claim and argues that the defendants' actions in

10  detaining him was not objectively reasonable. *Id.* at 10–11. Finally, plaintiff argues he was subject

11  to an illegal search and seizure and that the Court violated his Fourteenth and Fifth Amendment due

12  process rights by dismissing the complaint.

13          Plaintiff's first argument appears to be that he was entitled to default judgment because he

14  served Valerie Barnes, a legal administrator who he alleges is eligible to receive service of a

15  summons because she is a "clerk or secretary of a public entity." *Id.* at 1–2. Plaintiff appears to be

16  confused as to Valerie's position, which was noted as "legal office specialist," not "legal officer."

17  Dkt. No. 20 at 5; *see* Dkt. No. 90 at 2. Plaintiff does not explain why the "drastic step" of default

18  judgment was justified in this case. *Falk v. Allen*, 739 F.2s 461, 463 (9th Cir. 1984) ("[J]udgment

19  by default is a drastic step appropriate in extreme circumstances; a case should, whenever possible,

20  be decided on the merits.").

21          Plaintiff next argues that the July 4, 2022 judgment is invalid because it does not contain a

22  reasoned opinion. Dkt. No. 90 at 3. As explained in the judgment itself, judgment was entered

23  because the action was dismissed without leave to amend. Dkt. No. 86. The Court's reasoning for

24  dismissing the First Amended Complaint without leave to amend is detailed in the 19-page dismissal

25  order issued on the same date as the judgment. Dkt. No. 85. Plaintiff can find this order either

26  through ECF, where it is located at Docket Number 85, or on Westlaw, where it is listed as *Lindblad*

27  *v. Bolanos*, No. 21-CV-06606-SI, 2022 WL 2402646 (N.D. Cal. July 4, 2022).

28          Plaintiff also argues that no opinion was given concerning his motion for sanctions and that

United States District Court
Northern District of California

1    a secret slip opinion appeared and then "disappeared" from Westlaw. Dkt. No. 90 at 4. The Court's

2    reasoning for denying plaintiff's motion for sanctions is detailed in the 19-page dismissal order.

3    Dkt. No. 85. Plaintiff can find this order either through ECF, where it is located at Docket Number

4    85, or on Westlaw, where it is listed as *Lindblad v. Bolanos*, No. 21-CV-06606-SI, 2022 WL

5    2402646 (N.D. Cal. July 4, 2022). Plaintiff's argument that no reasoning was given is baseless.

6    　　　　Plaintiff also argues that he was prejudiced because the order was issued without a hearing

7    and before the opposition to his motion was due. Dkt. No. 90 at 4–5. Federal Rule of Civil

8    Procedure 78 permits courts to determine motions on briefs, without oral hearings. And plaintiff

9    was not prejudiced by a decision being made before defendants had a chance to oppose his motion.

10   　　　　Plaintiff repeats his argument that defense counsel Jennifer Stalzer allowed individuals to

11   sign and prepare legal work without a bar license and falsified facts. Dkt. No. 5. These arguments

12   arise out of a proof of service signed by a non-lawyer and disputed facts regarding the color of

13   plaintiff's shirt, whether he carried a grey duffel bag, and whether he threatened Safeway employees.

14   *See* Dkt. No. 86 at 18.

15   　　　　Finally, plaintiff challenges the Court's statement that Rule 11 requires notice to be given

16   and a 21 day period for correction before sanctions can be sought. *Id.* at 6–7. The Court incorrectly

17   cited Federal Rule of Civil Procedure 11(b)(2) for this requirement; the correct citation is Rule

18   11(c)(2). The Rule 11(c)(2) requirement nonetheless applies.

19   　　　　Plaintiff argues the Court violated his 14th Amendment Due Process by denying him the

20   opportunity to amend his complaint a second time. Dkt. No. 90 at 7–8. Plaintiff fails to explain any

21   coherent rationale under which he is entitled to amend his complaint a second time.

22   　　　　Plaintiff next argues the Court should not have dismissed his complaint. Dkt. No. 90 at 9.

23   He says that his complaint was "one of the most pressing cases to ever become necessary" and "so

24   complicated it requires a 70 page complaint" but does not explain why the dismissal was incorrect.

25   *Id.*

26   　　　　Plaintiff's remaining claims are incomprehensible; it is not clear on what basis plaintiff

27   appeals. A claim that is incomprehensible is "without arguable basis in law." *Jackson v. State of*

28   *Ariz.*, 885 F.2d 639, 641 (9th Cir. 1989), *superseded by statute on other grounds as stated in Lopez*

United States District Court
Northern District of California

1    *v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

2       The Court has reviewed the docket and determines that the appeal is frivolous.  Accordingly,

3    plaintiff's motion to proceed *in forma pauperis* on appeal is **DENIED**.

4

5       **IT IS SO ORDERED**.

6    Dated:  September 15, 2022

7                                 _____

8                                  SUSAN ILLSTON
                                  United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28